## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARY ANN CUNNIFF and WALTER CUNNIFF, h/w**<br>3215 Comly Place<br>Philadelphia, PA 19154<br><br>v.<br><br>**SAND BARRENS GOLF CLUB**<br>1765 Route 9 North<br>Swainton, NJ 08210<br><br>and<br><br>**ERM GOLF CORPORATION**<br>1975 Route 9 North<br>Clermont, NJ 08210<br><br>and<br><br>**ERM GREEN, LLC**<br>1975 Route 9 North<br>Clermont, NJ 08210<br><br>and<br><br>**ERM, LLC**<br>1975 Route 9 North<br>Clermont, NJ 08210<br><br>and<br><br>**ERM – SANDBARREN, LLC**<br>1955 Route 9 North<br>Clermont, NJ 08210<br><br>and<br><br>**ROYAL OAKS CLUB, INC.**<br>1955 Route 9 North<br>Clermont, NJ 08210 | NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT

Plaintiffs, Mary Ann Cunniff and Walter Cunniff, h/w, by and through their counsel, Duffy + Partners, hereby bring this complaint against defendants Sand Barrens Golf Club, ERM Golf Corporation, ERM Green, LLC, ERM, LLC, ERM-Sandbarren, LLC and Royal Oaks Club, Inc., and in support thereof aver the following:

## JURISDICTION AND VENUE

1.      Plaintiff Mary Ann Cunniff is an adult individual, a citizen of the Commonwealth of Pennsylvania, who resides at 3215 Comly Place, Philadelphia. PA 19154.

2.      Plaintiff Walter Cunniff is an adult individual, a citizen of the Commonwealth of Pennsylvania, who resides at 3215 Comly Place, Philadelphia. PA 19154.

3.      At all times relevant hereto, plaintiffs were and are husband and wife.

4.      Defendant Sand Barrens Golf Club (hereinafter "Sand Barrens") is, upon information and belief, a New Jersey corporation which maintains its principal place of business at 1765 Route 9 North, Swainton, NJ 08210.

5.      Defendant ERM Golf Corporation (hereinafter "ERM Golf") is, upon information and belief, a New Jersey corporation which maintains its principal place of business at 1975 Route 9 North, Clermont, NJ 08210.

6.      Defendant ERM Green, LLC (hereinafter "ERM Green") is, upon information and belief, a New Jersey corporation which maintains its principal place of business at 1975 Route 9 North, Clermont, NJ 08210.

7.      Defendant ERM, LLC (hereinafter "ERM") is, upon information and belief, a New Jersey corporation which maintains its principal place of business at 1975 Route

9 North, Clermont, NJ 08210.

8.     Defendant ERM - Sandbarren, LLC (hereinafter "ERM - Sandbarren") is, upon information and belief, a New Jersey corporation which maintains its principal place of business at 1955 Route 9 North, Clermont, NJ 08210.

9.     Defendant Royal Oaks Club, Inc. (hereinafter "Royal Oaks") is, upon information and belief, a New Jersey corporation which maintains its principal place of business at 1955 Route 9 North, Clermont, NJ 08210.

10.    This Court has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. § 1332(a)(1) inasmuch as there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) inasmuch as defendants reside in New Jersey and the events giving rise to this action occurred in New Jersey and within the venue of the United States District Court for the District of New Jersey.

## COUNT I
### Mary Ann Cunniff v. Sand Barrens Golf Club

12.    Plaintiffs incorporate by reference paragraphs 1 through 11 of Plaintiffs' Complaint as if same were set forth fully at length herein.

13.    At all times relevant hereto, defendant Sand Barrens owned, possessed, operated, maintained and controlled the premises located at 1765 Route 9 North, Swainton, NJ 08210.

14.    At all times relevant hereto, defendant Sand Barrens acted by and through its agents, servants, workmen and employees.

15.    On June 24, 2012, plaintiffs, Mary Ann Cunniff and Walter Cunniff, were

business invitees of Sand Barrens, dining at the Royal Oaks Grille at the golf club located at 1765 Route 9 North, Swainton, NJ 08210.

16. On June 24, 2012, at approximately 4:30 PM, while exiting the dining room at defendant's premises, the Royal Oaks Grille, and walking to plaintiffs' car, plaintiff Mary Ann Cunniff was caused to trip and fall as a result of a hidden and dangerous condition upon defendant's property, namely, a raised board of a wooden walkway that leads from the Royal Oaks Grille to defendant's parking lot.

17. Despite the fact that Sand Barrens had actual and constructive notice of the hidden and dangerous condition of its property located at 1765 Route 9 North, Swainton, NJ, Sand Barrens failed to eliminate the hidden and dangerous condition, barricade or guard against the area where the hidden and dangerous condition existed or warn Mary Ann Cunniff and its other business invitees of the hidden and dangerous condition there and then existing upon its property.

18. Mary Ann Cunniff's fall, and the injuries sustained as a result thereof, were caused by the negligence and carelessness of defendant Sand Barrens.

19. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered injuries which are serious and permanent in nature, including but not limited to, a fracture of the right femoral neck requiring surgery, open reduction and internal fixation of the right femoral neck fracture.

20. As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained and to incur various expenses for said treatment and services and may be obligated to

spend such sums and incur such expenditures for an indefinite period of time in the future.

21.    As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered severe physical pain, aches, mental anxiety, humiliation, inconveniences and loss of life's pleasures and may continue to suffer same for an indefinite period of time in the future.

22.    As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been unable to attend to her usual activities and duties and may be unable to do so for an indefinite period of time in the future, resulting in losses, costs, expenses and other financial detriment.

WHEREFORE, Plaintiff Mary Ann Cunniff demands judgment in her favor and against defendant Sand Barrens Golf Club in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

## COUNT II
## Mary Ann Cunniff v. ERM Golf Corporation

23.    Plaintiffs incorporate by reference paragraphs 1 through 22 of Plaintiffs' Complaint as if same were set forth fully at length herein.

24.    At all times relevant hereto, defendant ERM Golf owned, possessed, operated, maintained and controlled the premises located at 1765 Route 9 North, Swainton, NJ 08210.

25.    At all times relevant hereto, defendant ERM Golf acted by and through its agents, servants, workmen and employees.

26.    On June 24, 2012, plaintiffs, Mary Ann Cunniff and Walter Cunniff, were

business invitees of ERM Golf, dining at the Royal Oaks Grille at the golf club located at 1765 Route 9 North, Swainton, NJ 08210.

27.     On June 24, 2012, at approximately 4:30 PM, while exiting the dining room at defendant's premises, the Royal Oaks Grille, and walking to plaintiffs' car, plaintiff Mary Ann Cunniff was caused to trip and fall as a result of a hidden and dangerous condition upon defendant's property, namely, a raised board of a wooden walkway that leads from the Royal Oaks Grille to defendant's parking lot.

28.     Despite the fact that ERM Golf had actual and constructive notice of the hidden and dangerous condition of its property located at 1765 Route 9 North, Swainton, NJ, ERM Golf failed to eliminate the hidden and dangerous condition, barricade or guard against the area where the hidden and dangerous condition existed or warn Mary Ann Cunniff and its other business invitees of the hidden and dangerous condition there and then existing upon its property.

29.     Mary Ann Cunniff's fall, and the injuries sustained as a result thereof, were caused by the negligence and carelessness of defendant ERM Golf.

30.     As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered injuries which are serious and permanent in nature, including but not limited to, a fracture of the right femoral neck requiring surgery, open reduction and internal fixation of the right femoral neck fracture.

31.     As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained and to incur various expenses for said treatment and services and may be obligated to

spend such sums and incur such expenditures for an indefinite period of time in the future.

32.     As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered severe physical pain, aches, mental anxiety, humiliation, inconveniences and loss of life's pleasures and may continue to suffer same for an indefinite period of time in the future.

33.     As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been unable to attend to her usual activities and duties and may be unable to do so for an indefinite period of time in the future, resulting in losses, costs, expenses and other financial detriment.

WHEREFORE, Plaintiff Mary Ann Cunniff demands judgment in her favor and against defendant ERM Golf Corporation in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

## COUNT III
## Mary Ann Cunniff v. ERM Green, LLC

34.     Plaintiffs incorporate by reference paragraphs 1 through 33 of Plaintiffs' Complaint as if same were set forth fully at length herein.

35.     At all times relevant hereto, defendant ERM Green owned, possessed, operated, maintained and controlled the premises located at 1765 Route 9 North, Swainton, NJ 08210.

35.     At all times relevant hereto, defendant ERM Green acted by and through its agents, servants, workmen and employees.

37.     On June 24, 2012, plaintiffs, Mary Ann Cunniff and Walter Cunniff, were business invitees of ERM Green, dining at the Royal Oaks Grille at the golf club located

at 1765 Route 9 North, Swainton, NJ 08210.

38.    On June 24, 2012, at approximately 4:30 PM, while exiting the dining room at defendant's premises, the Royal Oaks Grille, and walking to plaintiffs' car, plaintiff Mary Ann Cunniff was caused to trip and fall as a result of a hidden and dangerous condition upon defendant's property, namely, a raised board of a wooden walkway that leads from the Royal Oaks Grille to defendant's parking lot.

39.    Despite the fact that ERM Green had actual and constructive notice of the hidden and dangerous condition of its property located at 1765 Route 9 North, Swainton, NJ, ERM Green failed to eliminate the hidden and dangerous condition, barricade or guard against the area where the hidden and dangerous condition existed or warn Mary Ann Cunniff and its other business invitees of the hidden and dangerous condition there and then existing upon its property.

40.    Mary Ann Cunniff's fall, and the injuries sustained as a result thereof, were caused by the negligence and carelessness of defendant ERM Green.

41.    As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered injuries which are serious and permanent in nature, including but not limited to, a fracture of the right femoral neck requiring surgery, open reduction and internal fixation of the right femoral neck fracture.

42.    As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained and to incur various expenses for said treatment and services and may be obligated to spend such sums and incur such expenditures for an indefinite period of time in the

future.

43.    As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered severe physical pain, aches, mental anxiety, humiliation, inconveniences and loss of life's pleasures and may continue to suffer same for an indefinite period of time in the future.

44.    As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been unable to attend to her usual activities and duties and may be unable to do so for an indefinite period of time in the future, resulting in losses, costs, expenses and other financial detriment.

WHEREFORE, Plaintiff Mary Ann Cunniff demands judgment in her favor and against defendant ERM Green, LLC in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

## COUNT IV
### Mary Ann Cunniff v. ERM, LLC

45.    Plaintiffs incorporate by reference paragraphs 1 through 44 of Plaintiffs' Complaint as if same were set forth fully at length herein.

46.    At all times relevant hereto, defendant ERM owned, possessed, operated, maintained and controlled the premises located at 1765 Route 9 North, Swainton, NJ 08210.

47.    At all times relevant hereto, defendant ERM acted by and through its agents, servants, workmen and employees.

48.    On June 24, 2012, plaintiffs, Mary Ann Cunniff and Walter Cunniff, were business invitees of ERM, dining at the Royal Oaks Grille at the golf club located at 1765 Route 9 North, Swainton, NJ 08210.

49. On June 24, 2012, at approximately 4:30 PM, while exiting the dining room at defendant's premises, the Royal Oaks Grille, and walking to plaintiffs' car, plaintiff Mary Ann Cunniff was caused to trip and fall as a result of a hidden and dangerous condition upon defendant's property, namely, a raised board of a wooden walkway that leads from the Royal Oaks Grille to defendant's parking lot.

50. Despite the fact that ERM had actual and constructive notice of the hidden and dangerous condition of its property located at 1765 Route 9 North, Swainton, NJ, ERM failed to eliminate the hidden and dangerous condition, barricade or guard against the area where the hidden and dangerous condition existed or warn Mary Ann Cunniff and its other business invitees of the hidden and dangerous condition there and then existing upon its property.

51. Mary Ann Cunniff's fall, and the injuries sustained as a result thereof, were caused by the negligence and carelessness of defendant ERM.

52. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered injuries which are serious and permanent in nature, including but not limited to, a fracture of the right femoral neck requiring surgery, open reduction and internal fixation of the right femoral neck fracture.

53. As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained and to incur various expenses for said treatment and services and may be obligated to spend such sums and incur such expenditures for an indefinite period of time in the future.

54. As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered severe physical pain, aches, mental anxiety, humiliation, inconveniences and loss of life's pleasures and may continue to suffer same for an indefinite period of time in the future.

55. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been unable to attend to her usual activities and duties and may be unable to do so for an indefinite period of time in the future, resulting in losses, costs, expenses and other financial detriment.

WHEREFORE, Plaintiff Mary Ann Cunniff demands judgment in her favor and against defendant ERM, LLC in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

## COUNT V
## Mary Ann Cunniff v. ERM – Sandbarren, LLC

56. Plaintiffs incorporate by reference paragraphs 1 through 55 of Plaintiffs' complaint as if same were set forth fully at length herein.

57. At all times relevant hereto, defendant ERM - Sandbarren owned, possessed, operated, maintained and controlled the premises located at 1765 Route 9 North, Swainton, NJ 08210.

58. At all times relevant hereto, defendant ERM - Sandbarren acted by and through its agents, servants, workmen and employees.

59. On June 24, 2012, plaintiffs, Mary Ann Cunniff and Walter Cunniff, were business invitees of ERM - Sandbarren, dining at the Royal Oaks Grille at the golf club located at 1765 Route 9 North, Swainton, NJ 08210.

60. On June 24, 2012, at approximately 4:30 PM, while exiting the dining

room at defendant's premises, the Royal Oaks Grille, and walking to plaintiffs' car, plaintiff Mary Ann Cunniff was caused to trip and fall as a result of a hidden and dangerous condition upon defendant's property, namely, a raised board of a wooden walkway that leads from the Royal Oaks Grille to defendant's parking lot.

61.     Despite the fact that ERM - Sandbarren had actual and constructive notice of the hidden and dangerous condition of its property located at 1765 Route 9 North, Swainton, NJ, ERM - Sandbarren failed to eliminate the hidden and dangerous condition, barricade or guard against the area where the hidden and dangerous condition existed or warn Mary Ann Cunniff and its other business invitees of the hidden and dangerous condition there and then existing upon its property.

62.     Mary Ann Cunniff's fall, and the injuries sustained as a result thereof, were caused by the negligence and carelessness of defendant ERM - Sandbarren.

63.     As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered injuries which are serious and permanent in nature, including but not limited to, a fracture of the right femoral neck requiring surgery, open reduction and internal fixation of the right femoral neck fracture.

64.     As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained and to incur various expenses for said treatment and services and may be obligated to spend such sums and incur such expenditures for an indefinite period of time in the future.

65.     As a further result of the negligence and carelessness of defendant,

plaintiff Mary Ann Cunniff has suffered severe physical pain, aches, mental anxiety, humiliation, inconveniences and loss of life's pleasures and may continue to suffer same for an indefinite period of time in the future.

66.     As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been unable to attend to her usual activities and duties and may be unable to do so for an indefinite period of time in the future, resulting in losses, costs, expenses and other financial detriment.

WHEREFORE, Plaintiff Mary Ann Cunniff demands judgment in her favor and against defendant ERM – Sandbarren, LLC in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

## COUNT VI
## Mary Ann Cunniff v. Royal Oaks Club, Inc.

67.     Plaintiffs incorporate by reference paragraphs 1 through 66 of Plaintiffs' Complaint as if same were set forth fully at length herein.

68.     At all times relevant hereto, defendant Royal Oaks owned, possessed, operated, maintained and controlled the premises located at 1765 Route 9 North, Swainton, NJ 08210.

69.     At all times relevant hereto, defendant Royal Oaks acted by and through its agents, servants, workmen and employees.

70.     On June 24, 2012, plaintiffs, Mary Ann Cunniff and Walter Cunniff, were business invitees of Royal Oaks, dining at the Royal Oaks Grille at the golf club located at 1765 Route 9 North, Swainton, NJ 08210.

71.     On June 24, 2012, at approximately 4:30 PM, while exiting the dining

room at defendant's premises, the Royal Oaks Grille, and walking to plaintiffs' car, plaintiff Mary Ann Cunniff was caused to trip and fall as a result of a hidden and dangerous condition upon defendant's property, namely, a raised board of a wooden walkway that leads from the Royal Oaks Grille to defendant's parking lot.

72.     Despite the fact that Royal Oaks had actual and constructive notice of the hidden and dangerous condition of its property located at 1765 Route 9 North, Swainton, NJ, Royal Oaks failed to eliminate the hidden and dangerous condition, barricade or guard against the area where the hidden and dangerous condition existed or warn Mary Ann Cunniff and its other business invitees of the hidden and dangerous condition there and then existing upon its property.

73.     Mary Ann Cunniff's fall, and the injuries sustained as a result thereof, were caused by the negligence and carelessness of defendant Royal Oaks.

74.     As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has suffered injuries which are serious and permanent in nature, including but not limited to, a fracture of the right femoral neck requiring surgery, open reduction and internal fixation of the right femoral neck fracture.

75.     As a further result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she sustained and to incur various expenses for said treatment and services and may be obligated to spend such sums and incur such expenditures for an indefinite period of time in the future.

76.     As a further result of the negligence and carelessness of defendant,

plaintiff Mary Ann Cunniff has suffered severe physical pain, aches, mental anxiety, humiliation, inconveniences and loss of life's pleasures and may continue to suffer same for an indefinite period of time in the future.

77.    As a direct and proximate result of the negligence and carelessness of defendant, plaintiff Mary Ann Cunniff has been unable to attend to her usual activities and duties and may be unable to do so for an indefinite period of time in the future, resulting in losses, costs, expenses and other financial detriment.

WHEREFORE, Plaintiff Mary Ann Cunniff demands judgment in her favor and against defendant Royal Oaks Club, Inc. in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

## COUNT VII
### Walter Cunniff v. All Defendants

78.    Plaintiffs incorporate by reference paragraphs 1 thru 77 of Plaintiffs' Complaint as if same were set forth fully at length herein.

79.    At all times relevant hereto, plaintiffs were and are husband and wife.

80.    Before suffering the injuries described in Count I through Count VI of Plaintiffs' Complaint, Mary Ann Cunniff was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, moral support, and solace to her husband, Walter Cunniff.

81.    As a direct and proximate result of her injuries, Mary Ann Cunniff has been unable to perform the duties of a wife.

82.    Due to the nature of the injuries sustained by Mary Ann Cunniff and the severe physical and psychological strains they cause her, Mary Ann Cunniff is no longer

able to provide her husband with love, companionship, affection, society, moral support, and solace.

83.    Plaintiff Walter Cunniff has therefore been deprived of his wife's consortium.

WHEREFORE, Plaintiff Walter Cunniff demands judgment in his favor and against defendants in an amount in excess of $75,000.00 together with costs, interest, attorney fees and such other relief as the court deems appropriate.

**DUFFY + PARTNERS**

By:_____
ROBERT W. THOMAS, JR., ESQUIRE
Attorney for Plaintiffs
One Liberty Place, 55th Floor
1650 Market Street
Philadelphia, PA 19103
215.238.8704

Dated: _6-16-2014_____